Wash, J.,
delivered the opinion of the Court.
Harman, the appellee, sued Harris, the appellant, before a Justice of the Peace, in an action of debt, to recover the amount of a promissory note, assigned by Harris to Harman, and obtained a judgment, from which Harris appealed to the Circuit Court. Whereupon, on a trial de novo, Harman again got judgment, to reverse which Harris has appealed to this Court. On the trial in the Circuit Court, Harris moved the Court to instruct the jury, “ that they should disregard the evidence offered, and find a verdict for the defendant, as in case of a non-suit; because the plaintiif, at the commencement of his action, had failed to file with the Justice a statement or declaration of his cause of action, &e. This motion was overruled by the Circuit Court and very properly.
The statute of 1826, p. 32, dispenses with a statement or declaration, required by the act of 1825, Rev. Code, p. 473, in cases like the present. Harris also pleaded in bar, a former recovery against [by] Harman, in a suit instituted by the plaintiff against the defendant, for the same cause of action. In looking into the record of the first suit, which is set out in the record from the Circuit Court, it is clear that the causes of action were different in the two suits.
The statement or declaration, which accompanied the summons in the first suit, sets out a special assignment and undertaking, entirely different from that which is shown and relied on in the second. The Circuit Court did right, therefore, in overruling the plea. On the second instruction asked for by the defendant below and refused, we think the Circuit Court erred. It is set out in the bill of exceptions, that the defendant gave evidence, conducing to prove that the makers of the note were solvent, and able to pay the same at the date of the assignment to the plaintiff, and had so continued up to the time at which the suit was instituted against the assignor; and also, that the plaintiff gave evidence, conducing to prove that the makers of the note were insolvent, and that a suit against them would have been unavailing, &c. The 2d section of the act concerning assigned bonds, bills and promissory notes, passed Feb. 11th, 1825, Rev. Code, p. 143, gives the assignee of a note the right of action the assignor, in cases only where he shall have used due to *318 obtain the money of the maker by the institution and prosecution of a suit, &c.; or where it shall appear to the satisfaction of the Court or jury that the institution of such suit would have been unavailing, &c. In this case, evidence had been given to the jury on both sides, and it was ipr thenj tp weigh it and determine whether the plaintiff was excused for not having used due diligence by the institution and prosecution of a suit against the makers. In this state ol the'case, the defendant moved the Court to instruct the jury, that if they believed from the evidence that the plaintiff, Harman, after the assignment of the note to him, could have recovered the debt in the said note specified, of the makers (Galiher and Hungerford) by suit, at any time prior to the time that the plaintiff sued the defendant Harris in the present action, that then they ought to find a verdict for him, the said Harris, &c. The Circuit Court refused to give this instruction, and in this we think it erred; and for this error its judgment must be reversed with costs, and the cause remanded for a new trial.